**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Andrew Fullman** | : | Civil Action |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 24-cv-00969 |
| | : | |
| **City of Philadelphia** | : | Formerly |
| **Johnnie Mae Carter #1305** | : | **Court of Common Pleas** |
| **Barbara A. McDermott** | : | **Trial Division—Civil** |
| **AND, William Dorney** | : | **December Term, 2023** |
| | : | |
| | : | |
| **Defendants** | : | No. 231200121 |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2024, upon consideration of the Defendants' Motion for Sanctions, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that Plaintiff's Amended Complaint, and all related claims against these Defendants, are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

Hon. Wendy Beetlestone
U.S. District Court Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Andrew Fullman** | : | Civil Action |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 24-cv-00969 |
| | : | |
| **City of Philadelphia** | : | Formerly |
| **Johnnie Mae Carter #1305** | : | **Court of Common Pleas** |
| **Barbara A. McDermott** | : | **Trial Division—Civil** |
| **AND, William Dorney** | : | **December Term, 2023** |
| | : | |
| | : | |
| **Defendants** | : | No. 231200121 |

### DEFENDANTS' MOTIONS FOR SANCTIONS

COME NOW the Defendants, City of Philadelphia, Johnnie Mae Carter #1305, Barbara A. McDermott, and William Dorney (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 11, and hereby move this Honorable Court to issue sanctions against Plaintiff. Defendants request that the Court dismiss Plaintiff's Amended Complaint, and all related claims against Defendants, with prejudice. In support of this Motion, Defendants incorporate the following Memorandum of Law.

Date:  July 3, 2024                                     Respectfully submitted,

                              BY:            */s/ Raymond E. Escobar*
                                                Raymond E. Escobar
                                                Deputy City Solicitor
                                                Attorney I.D. No. 332998
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA  19102
                                                215-683-5217
                                                Raymond.escobar@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Andrew Fullman** | : | Civil Action |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 24-cv-00969 |
| | : | |
| **City of Philadelphia** | : | Formerly |
| **Johnnie Mae Carter #1305** | : | **Court of Common Pleas** |
| **Barbara A. McDermott** | : | **Trial Division—Civil** |
| **AND, William Dorney** | : | **December Term, 2023** |
| | : | |
| | : | |
| **Defendants** | : | No. 231200121 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION FOR SANCTIONS</u>**

Plaintiff Andrew Fullman, *pro se*, has filed multiple discovery motions for improper purposes in contradiction of the express rules of this Court. Furthermore, Plaintiff has made explicit misrepresentations to the Court both in person and through his pleadings. As such, sanctions against Plaintiff are warranted in this matter and this Honorable Court must dismiss Plaintiff's Amended Complaint, and all related claims against Defendants, with prejudice.

**I.    BACKGROUND**

On December 1, 2023, Plaintiff Andrew Fullman filed suit against the Defendants in the Philadelphia Court of Common Pleas. *See* Notice of Removal, ECF No. 1, Ex. A. Defendants were not properly served with Plaintiff's Complaint until February 27, 2024. All claims within Plaintiff's first Complaint sought relief against the petitioners pursuant to 42 U.S.C. § 1983, "federal civil rights" and/or for alleged deprivations of his rights protected by the Constitution of the United States, Defendants petitioned this Court for Removal of Plaintiff's Complaint to the

Eastern District of Pennsylvania. *See Id.* Defendants filed their Notice of Removal on March 6, 2024.

On March 14, 2024, Defendants filed their Motion to Dismiss for Failure to State a Claim as to Plaintiff's first Complaint. *See* ECF No. 4. Plaintiff then filed a Motion to Extend Deadline to Respond to Defendants' Motion to Dismiss. *See* ECF No. 10. This Honorable Court granted Plaintiff's Motion to Extend Deadline to Respond to Defendants' Motion to Dismiss and provided Plaintiff with a new deadline to either respond in opposition to Defendants' Motion to Dismiss or, alternatively, file an amended complaint. Plaintiff chose the latter option and, on May 6, 2024, Plaintiff filed his Amended Complaint. *See* ECF No. 34. On May 24, 2024, Defendants filed their Motion to Dismiss for Failure to State a Claim as to Plaintiff's Amended Complaint. *See* ECF No. 36.

Prior to filing his Amended Complaint, Plaintiff served three sets of discovery upon Defendants. *See generally*, ECF No. 37. Answers and responses to the first two sets of discovery were originally due on May 28, 2024. *See Id.* On Friday, May 24, 2024, defense counsel sent Plaintiff a request for two week extension of time to respond to Plaintiff's discovery requests via e-mail correspondence. *See* ECF No. 39, Ex. A. Plaintiff responded the same day and granted the requested extension. *See Id.* Defense counsel proceeded to operate under the good faith assumption that answers and responses to all of Plaintiff's discovery requests were due on the new agreed upon deadline of June 14, 2024.

Plaintiff then filed his first Motion to Compel on May 29, 2024. *See generally*, ECF No. 37. Between May 25, 2024, and May 29, 2024, Plaintiff made no attempt to meet and confer with

defense counsel regarding the status of discovery. Instead, Plaintiff filed his Motion to Compel by ambush. On June 6, 2024, the Court denied Plaintiff's first Motion to Compel. *See* ECF No. 42.

Of note, Plaintiff voluntarily used the ECF filing system for almost the entirety of the litigation of this matter. Despite this fact, Plaintiff moved for this Court to require Defendants to provide him with paper copies of all pleadings. *See* ECF No. 40.  As a result, on June 7, 2024, the Court ordered that Defendants were required to provide Plaintiff with hard copies of all filings in this matter. ECF No. 43.[1]

In compliance with the Court's instructions, on June 14, 2024, Defendants served Plaintiff via electronic mail a copy of Defendants' Initial Disclosures, Initial Discovery Responses and with a courtesy copy of Defendants' Motion to Dismiss. *See* ECF No. 52, Ex. A. Defendants simultaneously sent paper-copies of Defendants' Initial Disclosures, Initial Discovery Responses and a courtesy copy of Defendants' Motion to Dismiss to Plaintiff via U.S. Mail. *See Id.* Despite Defendants' explicit notification that paper-copies of all aforementioned pleadings were sent to Plaintiff via U.S. Mail, Plaintiff again asked Defendants to send paper-copies of these documents in the mail. *See Id.* In spite of these efforts by Defendants to comply with the Court's instructions, on June 18, 2024, Plaintiff filed his Amended Miscellaneous Motion in which he alleged that "Defense counsel has provided hard copies of his filings to Plaintiff in the past, but stopped as of May 24, 2024, when he filed his second Motion to Dismiss for whatever reason(s)." ECF No. 45, at ¶ 2. In response, Defendants filed a required letter correspondence to this Court. *See generally*

---

[1]   It was not until June 6, 2024, when Plaintiff indicated he had any problems with utilizing the electronic documents and stated he was waiting for Defense counsel to send Plaintiff paper-copies of all pleadings. *See* ECF No. 40. Plaintiff waited 12 days after May 24, 2024, when he received notice of the Motion to Dismiss Plaintiff's Amended Complaint, before alleging that Defendants stopped proving paper-copies of pleadings "for whatever reason(s)".

ECF No. 52. This correspondence was sent via e-mail and Certified U.S. Mail to Plaintiff. *See generally Id.*

On June 20, 2024, Defense counsel sent follow-up e-mail correspondence to Plaintiff regarding the status of the paper-copies sent to Plaintiff on June 14, 2024. *See generally Id.* Plaintiff indicated that he had not received any such paper-copies. *See Id.* As such, on the same day of June 20, 2024, and in order to maintain compliance with this Honorable Court's Order, Defense counsel made sure to re-send all aforementioned pleadings to Plaintiff via both e-mail correspondence and <u>Certified</u> U.S. Mail. *See Id.* at Ex. B. The very next day, on June 21, 2024, Plaintiff notified Defense counsel that he was in possession of the previously mailed aforementioned pleadings after having "found the package in the mailbox" *See Id.* at Ex. C. Ostensibly these are the pleadings which Defense counsel sent to Plaintiff on June 14, 2024. Despite being in receipt of these pleadings and Defense counsel's repeated efforts to ensure Plaintiff received paper-copies of these aforementioned pleadings, Plaintiff made no effort to withdrawal either his Miscellaneous Motion or Amended Motion.

Eventually Defense counsel was obligated to bring a matter of serious import regarding Plaintiff's *pro se* status to this Honorable Court's attention. *See* ECF No. 52. Plaintiff asserted before this Court that "[u]pon seeking some legal advice from an attorney, Plaintiff was advised to proceed with filing the instant motion to compel discovery . . ." ECF No. 37, at ¶ 5. The Court's *Pro Se* Guidelines clearly state that if a *pro se* litigant obtains counsel on his or her behalf, ". . . all filings in your case must be made by counsel because *pro se* filings are not permitted once a litigant has counsel." ECF No. 2, at pg. 3. Defense counsel requested "that Plaintiff inform the Court and Defendants immediately if Plaintiff is represented by counsel." *See* ECF No. 52.

On June 27, 2024, Plaintiff filed his Second Motion to Compel Discovery. *See* ECF No. 56. Prior to June 27, 2024, Plaintiff once again made no attempt to meet and confer with defense counsel regarding the status of discovery. Instead, Plaintiff filed his second Motion to Compel by ambush (again).

On July 2, 2024, the parties came before the Court for a video conference regarding the status of this case. During this conference, Plaintiff lied to the Court in response to questions regarding whether Plaintiff did or did not seek the advice of counsel regarding the choice to file his first Motion to Compel, first saying he had not discussed the issue with an attorney, but then saying he <u>did</u> discuss the issue with attorney(s) after questioning by the Court. Plaintiff repeatedly misrepresented the extent to which he communicated with Defense counsel throughout this litigation and accused Defense counsel of lying to the Court. Defense counsel also informed the Court that no meet and confer occurred prior to Plaintiff's second Motion to Compel. And, Plaintiff repeatedly attempted to speak over the Court while the Court was asking questions of the parties. The Court denied Plaintiff's second Motion to Compel. Defendants now file their Motion for Sanctions.

## II. ARGUMENT

Under Rule 11(b)(1) of the Federal Rules of Civil Procedure, parties are required to certify that no pleading, written motion or other paper presented to the Court is presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . ." Furthermore, pleadings, written motions or other papers presented to the Court must only contain "claims, defenses, and other legal contentions . . . warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . ."

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." F.R.C.P. 11(c)(2). "'The Court . . . has inherent power to police litigant misconduct and impose sanctions on those who abuse the judicial process.'" *Reilly v. Home Depot U.S.A., Inc.*, 670 F.Supp.3d 126, at140 (D.N.J. 2023) (citing *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J.2006)). "Even where sanctions are authorized by statute or court rules. '[t]hese other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions.'" *Id.* at 140 (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, at 46 (1991)). "Of particular relevance here, the court's inherent power includes *sua sponte* dismissal of a case . . ." *Id.* at 141.

Plaintiff has violated Rule 11(b) multiple times in multiple ways. Plaintiff has repeatedly failed to meet and confer with Defense counsel prior to filing his first and second Motion to Compel discovery. Plaintiff has filed three motions to "appoint counsel", all of which have been denied by the Court. *See* ECF No.'s 9, 32, and 48. Both Plaintiff's Miscellaneous Motion and Amended Miscellaneous Motion contain untrue allegations levied against Defendants and Defense counsel – neither of which were withdrawn by Plaintiff after his allegations within regarding mailing pleadings to Plaintiff were resolved outside of the Court. And, finally, Plaintiff's first Motion to Compel admitted to Plaintiff seeking and receiving the advice of legal counsel in contradiction of both the rules of this Court and Plaintiff's verbal statements to the Court at the July 2, 2024, video conference. All of these aforementioned actions violate Rule 11(b) by being presented for an improper purpose, including harassment and unnecessary delay, by containing

claims and legal contentions unwarranted by existing argument and containing frivolous arguments, and by containing factual contentions without evidentiary support. As such, sanctions are warranted against Plaintiff.

More concerning, however, is Plaintiff's failure to abide by this Court's rules for *pro se* litigants, including his use of outside legal counsel (on which Plaintiff then attempted to backtrack to the Court at the July 2, 2024 hearing) and his complete disregard for the requirements of civility imposed upon Plaintiff by both the Federal Rules of Civil Procedure, this Court's *pro se* guidelines and this Court's policies and procedures. Plaintiff went so far as to admit to this Court that he has not, and does not, read pleadings and correspondence which is sent to Plaintiff via both electronic mail and U.S. Mail. Respectfully, Defendants argue that Plaintiff's conduct throughout this litigation is exactly the type of conduct upon which the Court should use it's inherent police powers. As such, sanctions against Plaintiff are warranted and the Court should grant Defendants' Motion for Sanctions.

### III. CONCLUSION

For the reasons set forth above, this Honorable Court should grant Defendants' Motion for Sanctions and dismiss Plaintiff's Amended Complaint, and all related claims against Defendants, with prejudice.

Date: July 3, 2024                              Respectfully submitted,

                        BY:     */s/ Raymond E. Escobar*
                                Raymond E. Escobar
                                Deputy City Solicitor
                                Attorney I.D. No. 332998
                                City of Philadelphia Law Department
                                1515 Arch Street, 14th Floor
                                Philadelphia, PA  19102
                                215-683-5217
                                Raymond.escobar@phila.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Andrew Fullman** | : | Civil Action |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 24-cv-00969 |
| | : | |
| **City of Philadelphia** | : | Formerly |
| **Johnnie Mae Carter #1305** | : | **Court of Common Pleas** |
| **Barbara A. McDermott** | : | **Trial Division—Civil** |
| **AND, William Dorney** | : | **December Term, 2023** |
| | : | |
| **Defendants** | : | No. 231200121 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion for Sanctions been filed and served via CM/ECF filing and has been served upon the Plaintiff via both electronic mail and Certified U.S. Mail on the date indicated below:


Date:  July 3, 2024                                    Respectfully submitted,


                            BY:        */s/ Raymond E. Escobar*
                                       Raymond E. Escobar
                                       Deputy City Solicitor
                                       Attorney I.D. No. 332998
                                       City of Philadelphia Law Department
                                       1515 Arch Street, 14th Floor
                                       Philadelphia, PA  19102
                                       215-683-5217
                                       Raymond.escobar@phila.gov