IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW FULLMAN,** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | |
| **CITY OF PHILADELPHIA,** *et al.*, | **NO. 24-969** |
| Defendants. | |

### MEMORANDUM OPINION

Plaintiff, Andrew Fullman, brings this action under 42 U.S.C. § 1983 and Pennsylvania state law. His claims under Section 1983 are for denial of due process, malicious prosecution, violation of the Fourth and Fourteenth Amendments, supervisory liability, failure to intervene, and conspiracy to deprive him of constitutional rights (including claims against the City of Philadelphia pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Under Pennsylvania state law he brings claims for negligent supervision, respondeat superior liability, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Defendants moved for sanctions under Federal Rule of Civil Procedure 11. Fullman then brought his own Motion for Leave to File a Motion for Sanctions, which the Court construes as having been brought under Federal Rule of Civil Procedure 11.[1]

For the reasons that follow, Defendants' Motion will be granted in part and denied in part and Plaintiff's Motion will be granted but his request for sanctions denied.

---

[1] Federal courts construe *pro se* filings "liberally." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so they judge *pro se* pleadings "by [their] substance rather than according to [their] form or label." *Lewis v. Att'y Gen. of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989).

## I. BACKGROUND

The disputes that led to these Motions arise out of the discovery process. Fullman served several sets of discovery requests upon Defendants on April 25, 2024, and April 26, 2024. Defendants sought and received from Fullman an extension of the deadline for response: Their counsel asked, "Would you kindly allow for me to respond on behalf of my clients to all discovery by June 14, 2024?" In just a few hours, Fullman acquiesced: "Yes, that is fine." Even though he had agreed to the extension, the next day he filed a Motion to Compel Defendants' Responses. The Court denied the Motion to Compel.

In the meantime, Fullman filed a Miscellaneous Motion in which he explained that he did not have computer access to the ECF system and, accordingly, requested that Defendants send him paper copies of all their filings. He also requested that the Court appoint a private investigator to help him with discovery. The Court granted Fullman's request for paper copies and denied his request for a private investigator.

Then, Fullman filed another Miscellaneous Motion, in which he alleged that Defendants, who had been sending him paper copies of all their filings, had stopped sending him such copies. The Court ordered Defendants to file a letter on the docket responding to Fullman's allegation that they had stopped sending him paper copies. He did so. And, shortly thereafter, the Defendants filed their own letter on the docket stating that they "have complied with the Court's Order" to send Fullman paper copies—in fact, they said, they sent such copies twice: once initially, and then again after Fullman "indicated that he had not received such paper[ ]copies." They also said that Fullman told them he had actually "found the [original] package in the mailbox."

In that same letter, Defendants also raised an issue regarding Fullman's *pro se* status. They noted that in Fullman's Motion to Compel, he said, "[u]pon seeking some legal advice from an attorney, Plaintiff was advised to proceed with filing the instant motion to compel discovery." Defendants wrote that in their view Fullman's statement suggested he was represented by counsel even though he was proceeding *pro se*. Such representation, Defendants wrote, implicated the prohibition in the Pennsylvania Rules of Professional Conduct on attorneys' speaking directly to represented adverse parties. Fullman then filed a second Motion to Compel Discovery prior to which filing Defendants say he "again made no attempt to meet and confer with defense counsel".

In filing his Motions, Fullman failed to follow the Court's prescribed discovery-dispute procedures. The Court's Policies and Procedures require parties to meet and confer before bringing any discovery dispute to the Court's attention. Fed. R. Civ. P. 26(f). "When a discovery dispute arises, the parties shall make every effort to resolve the matter themselves before seeking the Court's assistance." Beetlestone Policies and Procedures at 5. Only then, if the dispute cannot be resolved, may parties raise the dispute with the Court. To do so, they must "submit brief letters to chambers explaining the dispute and requested relief." *Id.* Then, the Court "will generally hold a telephone conference to address the dispute." *Id.* And *only then*, if the dispute remains unresolved, should a Motion to Compel be considered.

The parties appeared before the Court for a video conference regarding the allegations in Defendants' letter. During the conference the Court asked Fullman about the extent to which he has received legal advice from an attorney in connection with the case. In apparent contradiction to the statement in Fullman's first Motion to Compel that he was "advised" to file the Motion "[u]pon seeking some legal advice from an attorney," during the conference he said he had *not*

3

been advised by an attorney but had been advised by "a friend" who "has knowledge in the law." He now says he has "s[ought] assistance or legal advice from his friends and/or civil[-]rights advocates [with] wh[om] he is affiliated." He acknowledges he received "legal advice" and says he "consulted" with "attorneys."

## II. LEGAL STANDARD

When "an attorney or unrepresented party" submits to a court a "pleading, written motion, or other paper," he "certifies" that, among other things, "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)-(2). If a party violates Rule 11, a court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2).

The district court maintains "broad discretion in determining the appropriate sanction" under Rule 11. *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (quotations omitted). "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* And, "[w]hatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Id.*

## III.  DISCUSSION

Defendants' Motion alleges that a constellation of behavior by Fullman constitutes a violation of Rule 11:  (1) repeated failure to meet and confer regarding discovery; (2) filing of three Motions to Appoint Counsel, all of which have been denied; (3) filing of motions that "contain untrue allegations"; and, (4) "seeking and receiving the advice of legal counsel" while proceeding *pro se*.

Fullman argues in his Motion that sanctions are warranted because, he says, Defendants have made misrepresentations.  He says Defendants incorrectly claim that he did not attempt to meet and confer before filing his second Motion to Compel, when in fact he had tried to contact Defendants' counsel; that he has been using the ECF system throughout the duration of the case (and perhaps, therefore, does not actually need to receive paper copies of docket items), when in fact he has been printing and submitting his filings through the Court's drop box; and that he was "represented by counsel" when in fact he was not.

### A.  Failure to Meet and Confer

Defendants say that Fullman failed to meet and confer with them before he filed his first and second Motions to Compel.  Fullman responds that he did try to call Defendants' counsel but Defendants' counsel did not answer.

As described above, Fullman clearly did not follow the Court's policies before filing either of his Motions to Compel—even if it is true that he tried to call Defendants' counsel and then sent some follow-up correspondence.  He did not fulfill his obligations under the Court's policies, or under Local Rule of Civil Procedure 26.1(f), which requires parties to certify that they have exercised "reasonable effort . . . to resolve the dispute" before raising it to the Court.  Fullman does not contest, in either his response in opposition or his own Motion for Sanctions,

5

Defendants' assertion as to his first Motion to Compel.  As to the second, though, Fullman says he called Defendants' counsel to discuss "discovery status."  (He provides a call log apparently showing an outgoing call to Defendants' counsel's phone number during the relevant time period.)  And he says he sent a follow-up letter to Defendants shortly thereafter but Defendants did not respond.

Still, as explained above, Fullman should have submitted a letter next instead of simply moving to compel.  The Court's discovery-dispute process is clearly outlined in its Policies and Procedures, and the Court explained it to the parties during the Rule 16 conference, too.  Fullman's repeated failure to follow the Court's procedures puts an unwarranted burden on the Court and the Defendants in this case—and, because it requires the Court to expend significant energy resolving these spats, it encroaches on the expectation of the parties in other cases before the Court of the speedy adjudication of their disputes.

The Court's Rule 11 power is limited with regard to discovery-dispute motions.  The Rule "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).  Rule 11 sanctions are not appropriate, therefore, as consequence for a failure to adhere to the requirement in Local Rule 26.1(f) discussed above.  Accordingly, Rule 11 sanctions as consequence for failure to meet and confer will not issue at this time.

### B.  Motions to Appoint Counsel

Defendants briefly raise Fullman's Motions to Appoint Counsel as further reason for Rule 11 sanctions.  They argue that Fullman "has filed three motions to 'appoint counsel,' all of which have been denied by the Court."  They make no further argument and cite no caselaw regarding Fullman's Motions to Appoint Counsel.  But "mere failure to prevail does not trigger a

6

Rule 11 sanction order." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988). Accordingly, sanctions will not issue as consequence for Fullman's futile Motions to Appoint Counsel.

Fullman, however, is advised not to file further motions to appoint counsel. His assertion that he is constitutionally entitled to counsel is simply incorrect: There is no constitutional or statutory right to counsel in civil cases, and this is a civil case. *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). The Court's *pro se* guidelines say the same: "There is no constitutional right to counsel in a civil case as there is in a criminal case."

### C. Alleged Misrepresentations

Defendants contend that "Plaintiff's Miscellaneous Motion [seeking paper copies of pleadings and discovery responses] and Amended Miscellaneous Motion [again seeking paper copies of pleadings and discovery responses] contain untrue allegations levied against Defendants and defense counsel." They appear to be referring to Fullman's allegations that Defendants "stopped" providing him with paper copies of pleadings. Defendants contend that they did not stop providing paper copies—instead, they suggest, Fullman failed to receive them: They say they re-sent the packet of pleadings and discovery responses, but the very next morning, Fullman told them, he "found the [original] package in the mailbox."

In response and in his own Motion, Fullman argues that Defendants incorrectly represented to the Court that he had access to ECF, when in fact he had been filing his documents using the Court's drop box, not electronically; and that he had failed to attempt to meet and confer, when in fact he had called Defendants' counsel.

These squabbles do not rise to the level of sanctionable conduct under Rule 11. *See Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) ("[S]anctions are

prescribed only in [] exceptional circumstance[s].").  The matter of paper copies has been resolved by the Court's order that Defendants shall provide them, and the matter of Fullman's failure to follow the Court's *full* discovery-dispute procedure (which, as explained above, requires much more than simply making a phone call before filing a Motion to Compel) has been addressed.

Accordingly, no Rule 11 sanctions will issue as consequence for any of these alleged misrepresentations.

### D. Fullman's Alleged Representation by Counsel

The matter of Fullman's equivocation before the Court regarding the extent to which he has sought legal advice, as Defendants correctly argue, is more serious.  In his first Motion for Sanctions, Fullman said that he "s[ought] some *legal advice from an attorney*," and "was *advised* to proceed with filing the instant motion to compel discovery" (emphasis added).  By his own words, he sought legal advice from an attorney, and took that advice.  Indeed, in his response to Defendants' Motion, Fullman seems to further acknowledge that he sought legal advice, though he hems and haws a bit as to whether the person from whom he sought advice was an attorney: "[I am] not represented by counsel in this matter and was never informed that [I] could not seek an attorney to represent [me], or seek assistance or legal advice from [my] friends and/or civil[-]rights advocates [with] wh[om] [I am] affiliated."  Later he repeats that he received "legal advice" regarding discovery deadlines but "informed Defense counsel and the Court that he [was] not represented by counsel."  And again:  He says he "consulted with" an "attorney . . . during a telephone call, or in[ ]person."  Still, during the videoconference with the Court, Fullman said he was not advised by an attorney.

A *pro se* litigant may, of course, seek an attorney to represent him.  But, as Defendants

explain, if Fullman is represented by counsel that would affect Defendants' ethical obligations. Under the Pennsylvania Rules of Professional Conduct, a lawyer "shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter." 42 Pa. R. Prof. Cond. R. 4.2. In other words, if Fullman has a lawyer, Defense counsel, in the course of the litigation, are required to communicate with his lawyer and not with him.

The charitable interpretation of Fullman's comments is that he sought legal advice from someone, likely an attorney, but does not consider himself "represented" by that person. No attorney has appeared on his behalf, and he does not admit to having formed any attorney-client relationship in connection with this matter. Any attorney advising Fullman on the Q.T. may have ethical obligations of their own, of course, but that issue is not before the Court.

The real problem is Fullman's shifting story. "Truth is as much of the essence of the court as of the laboratory." *Bash v. Baltimore & O. R. Co.*, 102 F.2d 48, 50 (3d Cir. 1939). Fullman said in his Motion to Compel he was advised by an attorney, then he said in conference that he was *not* advised by an attorney, and then in further pleadings he said he was advised by "a friend" who "has knowledge in the law"—and then in his opposition to Defendants' Motion he said he did "consult[]" with "attorneys." These cannot all be true, which means that one of the statements Fullman made before the Court was false.

Fullman's statements during the July 2 conference do not qualify for sanctions under Rule 11, which applies only to a "pleading, written motion, or other paper." Fed. R. Civ. P. 11; *see also Landon v. Hunt*, 938 F.2d 450, 453 (3d Cir. 1991) ("We have consistently held that Rule 11 sanctions are proper *only* in situations involving a signed pleading."). However, Fullman's prevarication cannot go unsanctioned, especially because they impact the ethical obligations of

9

defense counsel.  Indeed, "[b]oth the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to [go so far as to] dismiss a case as a sanction for failure to follow procedural rules or court orders."  *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013).   Although the Court will not dismiss his action, Plaintiff will be sanctioned for his prevarications on the matter of whether he has or has not sought and obtained the advice of an attorney in litigating this matter.  Such sanction will be in the form of the following jury instruction should the case proceed to trial:

> Plaintiff has decided to represent himself in this trial and not to use the services of a lawyer.  His decision has no bearing on whether Defendants are liable or not, and it must not affect your consideration of the case.  Because Plaintiff has decided to act as his own lawyer, you will hear him speak at various times during the trial.  He may make an opening statement and closing argument, ask questions of witnesses, make objections, and argue to the court.  When he speaks in these parts of the trial he is acting as a lawyer in the case, and his words are not evidence.  The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.
>
> In this case, you should be aware that Plaintiff has made inconsistent representations regarding whether and to what extent he has consulted an attorney on this case.  He has represented to the Court both that he *has* been advised by an attorney, and that he has *not* been advised by an attorney.

*See Tigg Corp. v. Dow Corning Corp.*, 962 F.2d 1119, 1124 (3d Cir. 1992) ("[A] trial judge has broad discretion concerning the particular language used in a jury instruction.").

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**