IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Fullman | : | Civil Action |
| Plaintiff | : | |
| v. | : | REC'D NOV 8 2024 |
| City of Philadelphia, et al. | : | |
| Defendants | : | No. 24-cv-00969 |

### PLAINTIFF'S MOTIONS FOR SANCTIONS

Plaintiff Andrew Fullman, respectfully submits this Motion for Sanctions against Defense counsel and Defendants, City of Philadelphia, Barbara A. McDermott, P/O Johnnie Mae Carter #1305, and Wiliam Dorney pursuant to the Federal Rule of Civil Procedure 11, and hereby move this Honorable Court to issue sanctions against Defendants and make them pay all out-of-pocket expenses Plaintiff had to spend as a result of their harassing motions for sanctions. Plaintiff request that the Court enter default judgment against Defense counsel and Defendants. In support of this Motion, Plaintiff incorporate the Memorandum of Law.

The Court previously and mistakenly construed Plaintiff's previous Motion in Response to Defendants' Motions for Sanction as his own Motion for Sanctions. Plaintiff was simply requesting the Court's permission to file a Motion for Sanctions against Defense counsel and Defendants, which he is doing now with this instant motion.

Respectfully submitted,

_Andrew Fullman_
Andrew Fullman
*Pro Se Plaintiff*
810 Arch Street, Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
Email: Andrewf816@gmail.com

November 8, 2024

1

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Fullman | : | Civil Action |
| | : | |
|       Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| City of Philadelphia, et al. | : | |
| | : | |
|       Defendants | : | No. 24-cv-00969 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR SANCTIONS</u>**

      Defense counsel and Defendants, have filed multiple filings for improper and harassing purposes in contradiction of the express rules of this Court. In addition, Defense counsel and Defendants have made explicit misrepresentations to the Court both in person and through their pleadings. Sanctions against Defense counsel and Defendants are warranted in this matter and this Honorable Court should grant the Plaintiff a default judgment and reimbursement of the costs for having to file responses to Defendants' harassing pleadings.

    I.      **<u>PROCEDURAL BACKGROUND</u>**

      On December 1, 2023, Plaintiff Andrew Fullman filed suit against the Defendants in the Philadelphia Court of Common Pleas alleging federal and state claims violations. The Philadelphia Sheriff served Defendants a copy of the Complaint on February 14, 2024, and they failed to respond pursuant to the Pennsylvania Rules of Civil Procedure within twenty-one (21) days. Defendants' Motion to Dismiss was dated March 14, 2024, which was thirty days after service by the Philadelphia Sheriff. Defendants did not seek an extension of time to timely respond to Plaintiff's Complaint. Defendant City of Philadelphia, City of Philadelphia Law Department, and defense counsel, knew or should have known about this lawsuit after being served by the Philadelphia Sheriff on February 14, 2024. Plaintiff filed a Motion for Entry of Default Judgment, which the Court denied. During a Zoom Conference on April 10, 2024, Plaintiff was ambushed and told that his Motion for Default Judgment (EFC No. 15) was denied because there were things that he had not done, whatever that meant. He also sent a *10-Day Important Notice* to Defendants informing them that they had been sued. Defense counsel continue to misrepresent that they were not properly served the Complaint until February 27, 2024, which is contradicted by Philadelphia Sheriff's Office.

      Fullman properly removed former Defendant Bryan Trush from this action for a couple of reasons including, to focus more on the remaining defendants as the case was complex enough along with having to respond to defense counsel's harassing pleadings to harass and confuse him including their motion for sanctions.

      Mr. Fullman received unclear information from the Court during a Zoom Conference regarding the Defendants' Suggestion of Death for Defendant Johnnie Mae Carter resulting in his Motions for Substitution being denied. He was instructed during the said Zoom Conference to attach a Memorandum of Law to his Motion for Substitution. He attached a Memorandum of Law to the said Motion as instructed and it was still denied.

2

On July 2, 2024, the parties came before the Court for a video conference after Defense counsel's harassment and conspiracy falsely alleging Fullman was represented by counsel due to the way Plaintiff wrote his Motion to Compel. Defense counsel misunderstood Fullman's initial Motion to Compel. The harassment and conspiracy were an attempt to give the Court a reason to dismiss Fullman's claims *with prejudice* relating to his Second Amended Complaint. Defense counsel further misrepresented to the Court that Mr. Fullman did not call or attempt to meet or confer with him before filing a New Motion to Compel Discovery, to which the Court informed Fullman that it was going to dismiss. Cellphone records clearly show that Mr. Fullman did call Defense counsel during business hours regarding discovery status before filing the New Motion to Compel, for which Plaintiff furnished a copy of his cellphone record upon the Court. He also left a detailed voice-message regarding discovery status. In addition, a few days later after receiving no response from Defense counsel, he sent a letter on June 20, 2024 by First-Class Mail, of which Plaintiff also furnished a copy upon the Court. Defense counsel's numerous misrepresentations regarding Mr. Fullman not making any attempts to meet or confer should have entitled Fullman to sanctions against Defense counsel and Defendants. There appears to be a conspiracy or attempt to dismantle, weaken, and destroy Plaintiff's claims alleged in his Second Amended Complaint. He even attempted to clarify his claims after defense counsel claimed his claims were unclear, but the Court did not allow him to clarify his claims.

Defense counsel continued to misrepresent that they were not properly served the Complaint until February 27, 2024, which was contradicted by the Philadelphia Sheriff's paperwork.

Defense counsel knowingly misrepresented to the Court that Plaintiff had voluntarily used the ECF filing system for almost the entirety of the litigation of this matter. Plaintiff has never used the *ECF filing system* to file any pleadings with the Court. He used the Court's overnight drop-off box to file his pleadings.

Defense counsel has greatly prejudiced Plaintiff by way of his numerous misrepresentations as a form of harassment and to interfere with discovery. Such actions by the Defense counsel have greatly prejudiced the Plaintiff without any sanctions or discipline from this Court.

Prior to June 6, 2024, Plaintiff had begun experiencing issues downloading documents on the email on his cellphone thus causing him to go to FedEx for assistance in printing the downloaded documents that were emailed to him by Defense counsel, which put a financial hardship on Plaintiff. A financial hardship should not be placed upon a pro se litigant with limited income.

Plaintiff informed defense counsel immediately upon receiving a hard copy of a late correspondence, which Plaintiff believe was intentionally delayed in being sent to him. Plaintiff emphasizes that even after he had informed Defense counsel that he had received the said correspondence, Defense counsel still wasted more time by sending him a second copy of the same said correspondence thus knowing Plaintiff had already received a copy of it. The front desk receptionist at Mr. Fullman's place of residence signed for both correspondences, which were sent via United States Postal Service Priority and Certified Mail. Plaintiff believes this was part of Defense counsel's conspiracy or plan, to strengthen his frivolous motion for sanctions and false alarm alleging Plaintiff was represented by an attorney. Defense counsel has intentionally sabotaged Plaintiff's discovery. It was all planned.

On November 5, 2024, Plaintiff received an e-mail notification on his cellphone from defense counsel regarding discovery responses, objections, and their motion to compel objection attachments. Plaintiff does not know the contents of such downloads until he either receives his hard copy in the mail, or alternatively, go to FedEx to have the attachments downloaded at a price, whichever comes first thus putting a financial burden on the Plaintiff. **SEE EXHIBIT A.** Defense counsel will intentionally delay sending Plaintiff a hard copy just as he has done in the past. Plaintiff believes the delay is to prevent him from timely responding to Defendants' pleadings.

II.     **ARGUMENT**

Under Rule 11(b)(1) of the Federal Rules of Civil Procedure, parties are required to certify that no pleading, written motion or other paper presented to the Court is presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . ." Furthermore, pleadings, written motions or other papers presented to the Court must only contain "claims, defenses, and other legal contentions . . . warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law ..."

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violated Rule 11(b)." F.R.C.P. 11(c)(2). "The Court . . . has inherent power to police litigant misconduct and impose sanctions on those who abuse the judicial process." *Reilly v. Home Depot U.S.A., Inc.*, 670 F.Supp.3d 126, at 140 (D.N.J. 2023) (citing *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J.2006). "Even where sanctions are authorized by statute or court rules. '[t]hese other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanction." Id. at 140 (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, at 46 (1991). "Of particular relevance here, the court's inherent power includes *sua sponte* default judgment and reimbursement of out-of-pocket expenses in which Plaintiff was forced to pay to go to FedEx to print his response and for copies.

Defense counsel and Defendants have violated Rule 11)b multiple times and multiple ways. Defense counsel, representing Defendants, has repeatedly lied and misrepresented that Plaintiff has repeatedly failed to meet and confer with Defense counsel prior to filing his second Motion to Compel Discovery. He knew this was a false allegation at the times he knowingly made such false statements. He knew Plaintiff had called him, emailed him, and sent him a follow-up letter specifically regarding discovery status prior to filing Second Motion to Compel Discovery. **SEE EXHIBITS B and C.** In addition, he used an unclear and/or misworded statement by Plaintiff to file a frivolous and harassing motion for sanction falsely alleging that Plaintiff was represented by counsel. Plaintiff was never represented by any counsel during the pendency of this litigation.

The Request for Appointment of Counsel as provided by 42 U.S.C. § 2000(e)5 specifically instructs a plaintiff to swear that they have made a diligent effort to employ an attorney, contacted a Legal Aid Organization, and/or have contacted the Bar Association Lawyer Referral Service as Plaintiff has done in this case. Defense counsel turned this around to falsely make it appear Plaintiff had counsel. Plaintiff was just doing what he was instructed to do by the Court's Request for Appointment of Attorney Form in an attempt to find an attorney willing

to take over this very complex matter for him. However, defense counsel used this against Plaintiff to dismantle, destroy and weaken his improper arrest, false incarceration, fabricated evidence, and unfair trial claims. Defense counsel knowingly and intentionally turned things around falsely alleging Plaintiff admitted to seeking and receiving the advice of legal counsel in contradiction of both the rules of this Court and Plaintiff's verbal statements to the Court at the July 2, 2024, video conference. All of these aforementioned actions violate Rule 11(b) by being present for an improper purpose, **including harassment and unnecessary delay,** by containing claims and legal contentions unwarranted by existing argument and containing frivolous arguments, and by containing factual contentions without evidentiary support. As such, sanctions are definitely warranted against defense counsel and Defendants, whom he is representing. Such corruption and misrepresentations knowingly alleged against a pro se plaintiff to undermine their claim should not be tolerated. A defense counsel should know better and the consequences of making misrepresentations to this Honorable Court.

   Lastly, Plaintiff is a pro se litigant doing his best in trying to proceed forward with this case in the absence of counsel even though he has attempted to obtain counsel via motions for appointment of counsel, which were to no avail. Defense counsel continue to agree and encourage Plaintiff to do things like reissued discovery requests and supplemental pleading to their Reply in Opposition to their Motion to Dismiss, just to use against Plaintiff later and have his pleadings dismissed. Defense counsel further falsely alleged Plaintiff admitted to this Court that he has not, and does not, read pleadings and correspondences which is sent to him via both electronic mail and U.S. Mail. This was a serious misrepresentation! To the contrary, Plaintiff reads all hard copies of all pleadings and correspondences mailed to him. Of course, Plaintiff cannot read pleadings and/or correspondences that he does not receive. Case in point, as also mentioned above, defense counsel sent Plaintiff's cellphone an e-mail notification of their response to his reissued discovery requests and opposition to his motion to compel but intentionally failed to mail Plaintiff hard copies of the same so Plaintiff can read and appropriately respond to it. **SEE EXHIBIT A.** Defense counsel is fully aware that Plaintiff is unable to download any attachments sent to his e-mail and has to go to FedEx to attempt to have the attachments printed out which puts a financial hardship on Plaintiff. In addition, the Court has ordered defense counsel to send Plaintiff a hard copy of all pleadings, correspondences, and filings, which defense counsel appears to be totally ignoring. A hard copy of the pleadings should have been mailed out the same day of the e-mail notification, which in this case was November 5, 2024. Defense counsel is deliberately failing in sending Plaintiff hard copies and/or delaying in sending Plaintiff hard copies to cause Plaintiff to miss the deadlines in which to timely respond to Defendants' Opposition to his Motion to Compel via Motion for Reconsideration. Respectfully, opposed to Defendants' previous argument in their frivolous motion for sanctions against Plaintiff, Plaintiff argue that Defendants' conduct throughout this litigation is exactly the type of conduct upon which the Court should use its inherent police powers. Defense counsel continue to lie to the court as a means of harassment against the Plaintiff in his pro se status. As such, sanctions against Defendants are warranted and the Court should grant Plaintiff's Motion for Sanctions.

### III. CONCLUSION

For the reasons set forth above, this Honorable Court should grant Plaintiff's Motion for Sanctions and grant Plaintiff default judgment and reimburse all out-of-pocket expenses Plaintiff paid as a result of having to respond to defense counsel and the Defendants' harassing and frivolous motion for sanctions and harassment.

Respectfully Submitted,

*[signature]*
ANDREW FULLMAN
*Plaintiff, Pro Se*
810 Arch Street, Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
Email: Andrewf816@gmail.com

Date: November 8, 2024

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Fullman | : | Civil Action |
| Plaintiff | : | |
| v. | : | |
| City of Philadelphia | : | |
| Defendants. | : | No. 24-cv-00969 |

### CERTIFICATE OF SERVICE

I, Andrew Fullman, hereby certify that on the 8th day of November, 2024, I caused a true and correct copy of PLAINTIFF'S MOTION FOR SANCTIONS, to be served via First Class mail upon the following:

Raymond E. Escobar, Esquire
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5217
(*Attorney for City of Philadelphia, et al.)

_____
Andrew Fullman
*Pro Se Plaintiff*

Date: November 8, 2024

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | No. 24-cv-00969 |

## ORDER

Upon consideration of Plaintiff Andrew Fullman's Motion for Sanctions, and any responses thereto, it is this _____ day of _____, 2024, by the United States District Court for the Eastern District of Pennsylvania, **ORDERED** that the Motion is **GRANTED**.

_____
The Honorable Wendy Beetlestone, J
United States District Judge

# EXHIBIT A

   Gmail                                      Andrew Fullman <andrewf816@gmail.com>

## Andrew Fullman v. City of Philadelphia, et al., No. 24-cv-00969
4 messages

**Andrew Fullman** <andrewf816@gmail.com>                            Tue, Oct 29, 2024 at 4:33 PM
To: Raymond Escobar <Raymond.Escobar@phila.gov>

Dear Mr. Escobar:

I called you again and left a detailed message regarding discovery status and to meet and confer with you for discovery purposes. I also sent you two (2) Good Faith Letters and E-mails, which were to no avail. You leave me with no other choice but to file a Motion to Compel.

Sincerely,

Andrew Fullman
810 Arch Street, Apt. 304
Philadelphia, PA 19107
(610) 457-9498

---

**Raymond Escobar** <Raymond.Escobar@phila.gov>                      Tue, Oct 29, 2024 at 4:34 PM
To: Andrew Fullman <andrewf816@gmail.com>

Mr. Fullman:

I just got back to my desk and have been in meetings largely the entire day.

Once again, I am working on the discovery responses and will get them to you as soon as possible.

Best.

Ray

---

Raymond E. Escobar

Deputy City Solicitor

Law Department, Civil Rights Unit

City of Philadelphia

1515 Arch Street, 14th Floor

Philadelphia, PA 19102-1595

215-683-5217 (direct)

raymond.escobar@phila.gov

Exhibit A (3) Pages

**From:** Andrew Fullman <andrewf816@gmail.com>
**Sent:** Tuesday, October 29, 2024 4:33 PM
**To:** Raymond Escobar <Raymond.Escobar@phila.gov>
**Subject:** Andrew Fullman v. City of Philadelphia, et al., No. 24-cv-00969

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

[Quoted text hidden]

---

**Raymond Escobar** <Raymond.Escobar@phila.gov>                          Tue, Nov 5, 2024 at 3:10 PM
To: Andrew Fullman <andrewf816@gmail.com>

Mr. Fullman:

Good afternoon. Attached please find a copy of Defendants' Objections and Responses to Plaintiff's "Master" Requests for Production of Documents and Things.

Best,

Ray Escobar

---

Raymond E. Escobar

Deputy City Solicitor

Law Department, Civil Rights Unit

City of Philadelphia

1515 Arch Street, 14th Floor

Philadelphia, PA 19102-1595

215-683-5217 (direct)

raymond.escobar@phila.gov

**From:** Andrew Fullman <andrewf816@gmail.com>
**Sent:** Tuesday, October 29, 2024 4:33 PM
**To:** Raymond Escobar <Raymond.Escobar@phila.gov>
**Subject:** Andrew Fullman v. City of Philadelphia, et al., No. 24-cv-00969

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Dear Mr. Escobar:

[Quoted text hidden]

📎 **Fullman - Resp., Ans. & Obj. to Ps Reissued RPDs.pdf**
126K

---

**Andrew Fullman** <andrewf816@gmail.com>                                    Tue, Nov 5, 2024 at 10:08 PM
To: Raymond Escobar <Raymond.Escobar@phila.gov>

Hi. As you are already aware, I am unable to download your discovery response attachments, so I'll await your hard copy as was also previously ordered by the Court to send me a hard copy of your pleadings.
Sincerely,
Andrew Fullman
810 Arch Street, Apt. 304
Philadelphia, PA 19107
(610) 457-9498
[Quoted text hidden]

# EXHIBIT B

# verizon

Account: 925531443-00001
Invoice: 8687588501
Billing period: May 30 - Jun 29, 2024

## Talk activity (cont.)

**Andrew Fullman**
610-457-9498
Samsung Galaxy S21 5G

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|---|---|---|---|---|---|---|---|---|
| Jun 7 | 3:09 PM | 610-534-1566 | Philadelph, PA | Ridleypark, PA | 1 | -- | -- | -- |
| Jun 7 | 4:03 PM | 610-534-1566 | Folsom, PA | Ridleypark, PA | 1 | -- | -- | -- |
| Jun 9 | 8:10 PM | 267-879-0915 | Philadelph, PA | Incoming, CL | 47 | -- | -- | -- |
| Jun 10 | 3:32 PM | 267-523-8795 | Philadelph, PA | Incoming, CL | 1 | -- | -- | -- |
| Jun 10 | 4:02 PM | 800-289-8004 | Philadelph, PA | Toll-Free, CL | 13 | -- | -- | -- |
| Jun 10 | 4:35 PM | 800-256-6649 | Philadelph, PA | Toll-Free, CL | 12 | -- | -- | -- |
| Jun 11 | 1:13 AM | 803-427-3926 | Philadelph, PA | Incoming, CL | 34 | -- | -- | -- |
| Jun 11 | 11:21 AM | 267-938-8055 | Philadelph, PA | Incoming, CL | 5 | -- | -- | -- |
| Jun 11 | 2:07 PM | 267-872-0312 | Philadelph, PA | Incoming, CL | 7 | -- | -- | -- |
| Jun 11 | 3:14 PM | 610-532-9679 | Folsom, PA | Ridleypark, PA | 1 | -- | -- | -- |
| Jun 11 | 4:45 PM | 866-636-2377 | Philadelph, PA | Toll-Free, CL | 8 | -- | -- | -- |
| Jun 11 | 7:21 PM | 267-872-0312 | Philadelph, PA | Incoming, CL | 2 | -- | -- | -- |
| Jun 11 | 11:23 PM | 267-879-0915 | Philadelph, PA | Incoming, CL | 18 | -- | -- | -- |
| Jun 12 | 4:19 PM | 000-000-0086 | Philadelph, PA | Voice Mail, CL | 3 | -- | -- | -- |
| Jun 12 | 4:23 PM | 267-819-4845 | Philadelph, PA | Incoming, CL | 5 | -- | -- | -- |
| Jun 12 | 5:44 PM | 833-681-4620 | Philadelph, PA | Toll-Free, CL | 5 | -- | -- | -- |
| Jun 12 | 9:20 PM | 912-394-3820 | Philadelph, PA | Incoming, CL | 3 | -- | -- | -- |
| Jun 12 | 9:22 PM | 470-374-8536 | Philadelph, PA | Atlanta NW, GA | 2 | -- | -- | -- |
| Jun 13 | 4:18 PM | 267-422-2703 | Darby, PA | Incoming, CL | 4 | -- | -- | -- |
| Jun 13 | 4:21 PM | 484-802-0580 | Darby, PA | Phila, PA | 1 | -- | -- | -- |
| Jun 13 | 4:38 PM | 610-626-1170 | Yeadon, PA | Lansdowne, PA | 2 | -- | -- | -- |
| Jun 13 | 7:31 PM | 000-000-0086 | Philadelph, PA | Voice Mail, CL | 1 | -- | -- | -- |
| Jun 13 | 7:32 PM | 267-819-4845 | Philadelph, PA | Phphsbzn43, PA | 22 | -- | -- | -- |
| Jun 13 | 7:55 PM | 267-819-4845 | Philadelph, PA | Incoming, CL | 2 | -- | -- | -- |
| Jun 15 | 4:57 PM | 215-683-9775 | Philadelph, PA | Phila, PA | 2 | -- | -- | -- |
| Jun 15 | 7:36 PM | 215-365-3477 | Philadelph, PA | Phldlphzn2, PA | 1 | -- | -- | -- |
| Jun 15 | 7:36 PM | 267-808-8351 | Philadelph, PA | Incoming, CL | 1 | -- | -- | -- |
| Jun 15 | 7:42 PM | 215-365-3477 | Philadelph, PA | Phldlphzn2, PA | 1 | -- | -- | -- |
| Jun 15 | 7:51 PM | 267-808-8351 | Philadelph, PA | Incoming, CL | 1 | -- | -- | -- |
| Jun 15 | 7:57 PM | 215-365-3477 | Philadelph, PA | Phldlphzn2, PA | 1 | -- | -- | -- |
| Jun 16 | 4:44 AM | 000-000-0086 | Philadelph, PA | Voice Mail, CL | 2 | -- | -- | -- |
| → Jun 17 | 2:01 PM | 215-683-5217 | Philadelph, PA | Phila, PA | 2 | -- | -- | -- |
| Jun 17 | 9:11 PM | 267-879-0915 | Philadelph, PA | Incoming, CL | 23 | -- | -- | -- |
| Jun 17 | 9:33 PM | 267-879-0915 | Philadelph, PA | Phila, PA | 29 | -- | -- | -- |
| Jun 18 | 9:01 AM | 267-422-2703 | Philadelph, PA | Incoming, CL | 14 | -- | -- | -- |
| Jun 18 | 8:46 PM | 267-819-4845 | Philadelph, PA | Incoming, CL | 4 | -- | -- | -- |
| Jun 19 | 1:15 AM | 267-879-0915 | Philadelph, PA | Incoming, CL | 14 | -- | -- | -- |
| Jun 19 | 10:58 AM | 267-819-4845 | Lansdowne, PA | VM Deposit, CL | 1 | -- | -- | -- |
| Jun 19 | 12:02 PM | 267-819-4845 | Havertown, PA | Incoming, CL | 1 | -- | -- | -- |
| Jun 19 | 1:32 PM | 215-888-1278 | Marple, PA | Phila, PA | 1 | -- | -- | -- |
| Jun 20 | 11:15 AM | 215-972-0909 | Philadelph, PA | Phila, PA | 3 | -- | -- | -- |
| Jun 20 | 11:06 PM | 000-000-0086 | Philadelph, PA | Voice Mail, CL | 2 | -- | -- | -- |
| Jun 21 | 9:30 AM | 215-432-4770 | Philadelph, PA | Incoming, CL | 2 | -- | -- | -- |
| Jun 21 | 11:13 AM | 215-432-4770 | Philadelph, PA | Incoming, CL | 1 | -- | -- | -- |
| Jun 21 | 5:08 PM | 267-879-0915 | Philadelph, PA | Phila, PA | 1 | -- | -- | -- |

Exhibit B

7

# EXHIBIT C

Andrew Fullman
810 Arch Street, Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
Email: Andrewf816@gmail.com

June 20, 2024

Raymond E. Escobar, Esquire
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

      Re:     Andrew Fullman v. City of Philadelphia, et al.
                No. 24-cv-00969

Dear Mr. Escobar:

     I am writing this letter with respect to my many discovery requests. As you are aware, the Court has recently dismissed my Motion to Compel Discovery for failing to attempt to meet and/or confer with you regarding discovery. I am writing to meet and/or confer with you regarding my discovery, which I would like to get moving. I also left a message on your voice-mail a few days ago regarding discovery. Should you have any questions or need any additional information, please call me at (610) 457-9498.

                                                                            Sincerely,

                                                                              Andrew Fullman

cc:

Exhibit C